UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENE O. POLK,

        Petitioner,               Case Number: 2:07-CV-13089

v.                                            HON. ARTHUR J. TARNOW

FRED MENIFEE,

        Respondent.
_____/

## OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Petitioner Gene O. Polk filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 1995 convictions for intentional killing and several drug-related offenses. The Court transferred the petition to the United States District Court for the Western District of Louisiana because Petitioner was (and remains) incarcerated in a facility in that district. Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), which the Court denied on August 19, 2009. Petitioner has now filed a Notice of Appeal, appealing the Court's Order Denying Petitioner's Motion Pursuant to Fed. R. Civ. P. 60(b)(6).

Before Petitioner may appeal the Court's decision denying his motion, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b); *U.S. v. Hardin*, 481 F.3d 924, 926 (2007) (requiring a certificate of appealability as a prerequisite for a habeas petitioner's appeal of the denial of a Rule 60(b) motion). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b);

*In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

The Second Circuit Court of Appeals has articulated the standard for issuing a certificate of appealability in the context of the denial of a Rule 60(b) motion as follows:

> [A] COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001).

In his motion for relief from judgment, Petitioner argued that the matter should not have been transferred to the Western District of Louisiana because this Court had jurisdiction to hear his claim under 28 U.S.C. § 2255.  The Court denied the motion because the petition was specifically filed under § 2241 and the matter, therefore, properly transferred to the court having jurisdiction over his custodian.  The Court finds that jurists of reason would not find that the Court abused its discretion in denying Petitioner's Motion for Relief from Judgment.  Therefore, Petitioner has failed to show that he is entitled to a COA.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is **DENIED**.

                                                   S/Arthur J. Tarnow
                                                   Arthur J. Tarnow
                                                   United States District Judge

Dated:  November 6, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 6, 2009, by electronic and/or ordinary mail.

                            S/Catherine A. Pickles
                            Judicial Secretary